[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO VACATE JUDGMENT AND WITHDRAW GUILTY PLEAS
On July 15, 1985 the defendant entered a guilty plea to the charges of possession of narcotics and possession of narcotics with intent to sell. The defendant's sentence was two years, execution suspended, two years probation. The defendant has completed his sentence. The defendant is currently incarcerated on a federal conviction. After completing that period of incarceration defendant faces a hearing on an Order to Show Cause issued by the Immigration and Naturalization Service on March 7, 1989 wherein it alleged that he was deportable. The allegation of deportablity is based on a conviction other than the one in the instant case, however the instant conviction will effect whether the defendant receives a waiver of deportability. CT Page 7372
The first issue to be addressed by the Court is whether Public Act 97-256, which replaced Conn. Gen. Stat. § 54-1j and took effect on October 1. 1997, can be applied retroactively. Although our Supreme Court has not yet ruled on this particular issue, this Court agrees with the reasoning in the Superior Court matter of State v. Kioukis, supported by precedent of the Connecticut Supreme Court, in a decision rendered by Radcliffe, J. on January 14, 1998. In that case Judge Radcliffe held that the three year statute of limitation period cannot be applied to the defendant in that his plea occurred prior to the enactment of Public Act 97-256(6). In a second similar decision only thirteen days later, Judge Radcliffe came to a different conclusion, denying defendant's motion. In the matter of State v. Durant,
CR3-54317a, the court employed the same reasoning, however those facts were somewhat different from the Kioukis matter, and more clearly resemble the facts in the instant case. In Durant the plea was entered in 1985 and no transcript of the plea is available as is the case in the instant matter. Without taking a position on the issue of whether this Court agrees with Judge Radcliffe's reasoning that the elimination of the presumption in Public Act 97-256(6) is able to be applied retroactively, since it is a rule of evidence and not substantive law, the very fact which allowed Judge Radcliffe to conclude that "[n]o evidence has been presented to demonstrate that the defendant did not receive the required advice" is not present in the instant case. Here such evidence was presented not by the defendant but by the State when, in argument, it directed the Court's attention to the Clerk's stamp on the information form as evidence that the defendant had received the INS warning. Taking judicial notice of the stamp on the information in the instant case the Court notes that the third line of the stamp, "Advised of Immigration Laws" is absent. Even assuming, arguendo, that the elimination of the presumption should be applied retroactively, the Court, applying the reasoning in Durrant to the facts in the instant case should grant the defendant's motion. Accordingly, the Court grants the Motion to Vacate Judgment and Withdraw Guilty Pleas and restores the matter to the docket with a date of July 6, 1999.
SO ORDERED
Santos, J.